909 F.2d 1496
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony F. POERSTAMPER, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 90-3292.
 United States Court of Appeals, Federal Circuit.
 July 20, 1990.
 
 Before ARCHER, PLAGER and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Anthony F. Poerstamper appeals from the decision of the Merit Systems Protection Board ("Board"), No. DC07528910496 (M.S.P.B. Feb. 28, 1990), making final the initial decision that dismissed his petition for appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 The Board's jurisdiction is defined by statute. Under 5 U.S.C. Sec. 7513(d), an "employee against whom an action is taken under this section is entitled to appeal to the" Board. An "employee" is defined, under Sec. 7511, as "an individual in the competitive service," Sec. 7511(a)(1)(A), and as a "preference eligible in an Executive agency in the excepted service." 5 U.S.C. Sec. 7511(a)(1)(B).
 
 
 3
 Mr. Poerstamper does not claim that he was in the competitive service. His Notification of Personnel Action, SF-50, effective July 13, 1989, states that his appointment to the Fire Rescue Division at the United States Naval Air Station, Bermuda, was in the "excepted" service. Mr. Poerstamper, in requesting an appeal with the Board, stated that he was not a "veteran [n]or entitled to the employment rights of a veteran." Consequently, he is not a preference eligible. 5 U.S.C. Sec. 2108.
 
 
 4
 Mr. Poerstamper bears the burden of asserting and proving jurisdiction. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). He has not established that he is either in the competitive service or that he is a "preference eligible" entitled to appeal his dismissal from an "excepted" service position. Because he is not an "employee" for purposes of Sec. 7513(d), the Board lacks jurisdiction to hear his claim.